**In re Michael SHORTS, Debtor.**

**MOTORING TECHNICAL SERVICES, INC., d/b/a Motoring Technical Training Institute, Plaintiff,**

v.

**Michael SHORTS, Defendant.**

**Bankruptcy No. 96–12108.**
**Adversary No. 96–1140.**

United States Bankruptcy Court,
D. Rhode Island.

May 6, 1997.

Peter Berman, Raskin & Berman, Providence, RI, for Debtor/Defendant.

Edward C. Roy, Jr., Roy & Cook, Providence, RI, for Plaintiff.

### ORDER DETERMINING DEBT TO BE DISCHARGEABLE

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on March 13, 1997, on the Plaintiff's Complaint to determine whether a $7,800 debt owed to the Plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(8). This Section exempts from discharge a debt:

(8) for an educational benefit overpayment or loan made insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8). The Plaintiff argues, without supporting authority, that the phrase "or for an obligation to repay funds received as an educational benefit, scholarship or stipend" is meant to except from discharge student loans made by a for profit institution that are neither insured nor guaranteed by a governmental unit. Although both parties stated that they "could not find any cases dealing with the issue," there is a *controlling* case on point in the First Circuit.

In *T I Federal Credit Union v. DelBonis,* 72 F.3d 921 (1st Cir.1995), Senior Circuit Judge Hugh Bownes wrote that there are two alternatives under Section 523(a)(8) to determine the dischargeability of such debts:

First, it provides that educational loans or benefit overpayments are nondischargeable, if issued in whole or in part by an agency qualifying as a nonprofit organization. Second, the statute also makes loans issued, insured, or guaranteed by governmental units nondischargeable. A debtor's loans, thus, are nondischargeable if they fall within the parameters of either provision.

*Id.* at 926–27; *see also id.* at 935—38 (discussing the legislative history and purpose of Section 523(a)(8)). The Plaintiff's status qualifies it for neither of these alternatives in the instant case. Therefore, the debt owed to Motoring Technical Services is discharged, and the Complaint is DISMISSED.

Enter Judgment consistent with this opinion.